NO. 07-06-0479-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 27, 2007


 ______________________________



JUAN A. SOLIS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B16671-0602; HONORABLE ED SELF, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER


 After appellant Juan Solis pled guilty to the felony offense of driving while
intoxicated, punishment was tried to a jury. The trial court assessed punishment at seven
years confinement in conformity with the jury's verdict. It also executed a certificate stating
appellant had waived the right to appeal. Appellant nevertheless filed a notice of appeal
"from the judgment of the court sentencing him to 7 years in the Texas Department of
Criminal Justice Institutional Division." On receipt of the clerk's record, the clerk of this
Court notified appellant in accordance with Rule of Appellate Procedure 25.2(d) the appeal
was subject to dismissal unless the Court received an amended certification showing the
right to appeal or other grounds for continuing the appeal. In response, appellant argues
his waiver of the right to appeal occurred before punishment, applied only to his plea of
guilty, and does not bar presentation of challenges to errors arising in the punishment
phase of trial. The State has filed a response agreeing appellant has a limited right to
appeal issues arising during the jury trial on punishment. We find the certification of
appellant's right to appeal is defective because it does not reflect appellant's limited right
to appeal shown in the record. See Dears v. State, 154 S.W.3d 610, 614 (Tex.Crim.App.
2005). Accordingly, we direct the trial court to enter a certification of appellant's right to
appeal which is consistent with the record, and have prepared a supplemental record
containing the amended certification. Tex. R. App. P. 25.2(d); 34.5(c)(2); 37.1. If for any
reason the supplemental record containing the amended certification cannot be filed with
this Court's clerk by Monday, March 9, 2007, the trial court clerk shall request an extension
of time from this Court.


 Per Curiam


Do not publish.